MATANZO, PLAINTIFF AND APPELLEE, *v.* VIZCARRONDO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in Injunction Proceedings to Recover Possession of Real Property.

No. 2562.—Decided March 27, 1922.

INJUNCTION TO RECOVER POSSESSION—DESCRIPTION OF PROPERTY—PLEADING.—In order that the allegations of a complaint in injunction proceedings to recover possession may be sufficient to show a cause of action it is necessary that a description be given of the piece of land of which the plaintiff has been dispossessed by the defendant, so that judgment may be entered accordingly and executed by the court officer. Without such a description, the said officer can not identify the land to be restored to the possession of the plaintiff.

The facts are stated in the opinion.

*Mr. P. Amado Rivera* for the appellant.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is a summary proceeding to recover the possession or real property. The plaintiff alleged in the complaint that he was the owner and in possession of a certain described property on which the defendant was building a house without his consent or permission, wherefore he prayed the court to order the defendant to destroy the building and to refrain in the future from disturbing the plaintiff in his possession.

The defendant alleges in this appeal from the judgment against him that the court erred in overruling his demurrer to the complaint on the ground of failure to allege facts sufficient to constitute a cause of action in that it did not describe the part of the property on which the defendant was building the house so that in case of execution of the judgment prayed for it could be easily identified.

In order that the allegations of a complaint in a summary proceeding to recover the possession of real property may be sufficient to show a cause of action it is necessary that a description be given of the piece of land of which the plaintiff has been dispossessed by the defendant so that a judgment may be rendered accordingly and be executed by the officer of the court. Without such a description the said officer can not identify the parcel of land to be restored to the possession of the plaintiff. *Del Valle v. Rivera,* 23 P. R. R. 587; *Mejía et al.* v. *Suárez et al.,* 27 P. R. R. 292. Such a description is also necessary in order that the defendant may know what he has to defend against, for although the property involved in this case is small and it is alleged that because the land sued for is covered by the house which he was building the defendant must know what parcel of land the plaintiff refers to, nevertheless the rule should be the same as if the property involved was a large property and the act was not the building of a house.

For the foregoing reasons and inasmuch as the parcel of land occupied by the defendant was not described in the complaint, we are of the opinion that the court below erred in overruling the demurrer interposed by the defendant and that the judgment appealed from should be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.